### Richmond

CHARLES H. DUFF, III

v.

COMMONWEALTH OF VIRGINIA

No. 0958-91-1

Decided April 27, 1993

COUNSEL

Timothy G. Clancy (Cumming, Hatchett, Moschel & Patrick, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KOONTZ, C.J.**—Charles H. Duff, III (Duff), appeals from a May 18, 1991 order of the Circuit Court of the City of Hampton revoking his previously suspended sentence and requiring him to serve four years and six months in the penitentiary. The sole issue presented is whether the evidence was sufficient to revoke the suspended sentence based upon a failure to pay restitution. Finding that the evidence was insufficient, we reverse.

The essential facts from which this appeal arises are not in dispute. On December 3, 1984, Duff was convicted of embezzlement and sentenced to a term of five years in the penitentiary. Execution of that sentence was suspended until June 3, 1985. On that date, the trial court sentenced Duff to serve six months in jail and suspended the remainder of the original penitentiary term conditioned upon Duff's making restitution of the embezzled funds in accordance with a payment plan submitted by him. That plan provided for restitution payments in the amount of $12,000 per year for two years beginning on October 1, 1986, and thereafter for payment of $18,000 on October 1 of each succeeding year until the restitution was fully paid.

Duff timely made the required payments in 1986, 1987 and 1988. His failure to make the 1989 payment as scheduled prompted a revocation hearing in the trial court on February 23, 1990. Although the payment had been made by the time of this hearing, the trial court found that Duff had failed to comply with the restitution condition and revoked the suspended sentence. However, the trial court then re-suspended the entire penitentiary term for a period of ten years, or until restitution was fully paid, and imposed a modified condition for

the suspended sentence. That condition required Duff to make restitution payments in the reduced amount of $12,000 per year beginning on October 1, 1990.[1] At that time, the total amount of restitution outstanding amounted to approximately $120,000.

Duff failed to make the required restitution payment on October 1, 1990. As a result, another revocation hearing was held in the trial court on November 16, 1990. At that hearing, the evidence established that Duff had suffered various financial setbacks. He was currently employed on a part-time basis and had not earned $12,000 in 1990 with which to make the October 1, 1990 payment. Duff's employer testified, however, that he anticipated that his construction business would improve and that in the near future he would provide Duff with full-time employment at a compensation rate that would permit the timely payment of restitution as previously ordered. Apparently in order to give Duff's prospect for full-time employment time to materialize, the trial court continued the matter to May 15, 1991.

The evidence presented at the May 15, 1991 hearing revealed that Duff's financial situation had not significantly improved. The construction business remained stagnant, and Duff's prospect of full-time employment did not materialize. He remained employed on a part-time basis with his employer. In addition, however, Duff had obtained employment as a waiter in a local restaurant and did some part-time accounting for another employer. From these sources, he received an average weekly net income of $575. The evidence also revealed that Duff had been unable to borrow funds to pay the restitution and had no property to liquidate for that purpose. Finally, other evidence established that Duff's wife contributed her weekly net income of approximately $275 to meet the family household expenses which included, among other things, the care of the couple's ten-year-old child.

After considering the evidence, the trial court found that Duff had not willfully refused to pay the ordered restitution. The court stated that Duff was not "holding back on us or trying to pull the wool over our eyes through the use of an act," and that "I'm . . . confident . . . that he is not perpetrating any fraud . . . on us." Although the trial court found that Duff had not willfully refused to pay the restitution

---

[1] On appeal, Duff draws a distinction between the restitution plan originally submitted by him and the modified conditions imposed by the court, apparently because strict compliance with the former might be required, although not with the latter. We reject this distinction for purposes of this appeal in light of our determination that inability to pay is the controlling factor.

and had not perpetrated a fraud with regard to his ability to pay it, the court nevertheless revoked the previously suspended sentence because of Duff's failure to pay the restitution. The record contains the court's rationale:

> You've got three people here that's [sic] got to live off of approximately $850 a week. And I would imagine . . . that you are facing an economic situation unless there is a money tree found somewhere that certainly these two people are not going to be able to produce that kind of money [to pay the restitution in addition to their living expenses].

The court then reasoned:

> Now, when you look at it economically, isn't it more practical for this man to serve the time and move on out and let these people move in on him civilly or otherwise in a situation where at least he wouldn't be subject to contempt of court all the time?

On appeal, Duff asserts that there was reasonable cause for his failure to make restitution as scheduled and, therefore, the trial court erred in revoking his suspended sentence. The Commonwealth, in response, asserts that there is no clear showing of abuse of discretion and, therefore, the judgment of the trial court must be affirmed. The parties agree that the failure to pay the restitution resulted from an inability to pay it rather than from an unwillingness or refusal to do so. We resolve this appeal on that basis.[2]

Code § 19.2-305.1, in pertinent part, provides:

> A. Notwithstanding any other provision of law, no person convicted of a crime in violation of any provision in Title 18.2 . . . which resulted in property . . . loss, shall . . . have his sentence suspended unless such person shall make at least partial restitution for such property. . . loss, or shall be compelled to perform community services, or both, or shall submit a plan for doing that which appears to the court to be feasible under the circumstances.

---

[2] Duff does not raise a constitutional challenge to the revocation of his suspended sentence. However, if such had been the case, we would reach the same result. The record reflects that Duff could not pay the restitution despite sufficient bona fide efforts to acquire the resources to do so, and the trial court did not consider alternate measures of punishment other than imprisonment. *See Bearden v. Georgia,* 461 U.S. 660 (1983).

B. At or before the time of sentencing, the court shall receive and consider any plan for making restitution submitted by the defendant. If the court finds such plan to be reasonable and practical under the circumstanceš, it may consider . . . suspension of whatever portion of the sentence that it deems appropriate. If the court suspends a portion of any sentence imposed, it may order that restitution shall commence upon the release of such person.

C. At the time of sentencing, the court, in its discretion, shall determine the amount to be repaid by the defendant and the terms and conditions thereof.

D. *Unreasonable* failure to execute the plan by the defendant shall result in . . . imposition of the suspended sentence. A hearing shall be held in accordance with the provisions of this Code relating to . . . impositioñ of a suspended sentence before . . . such action is taken.

(emphasis added).

■ Code § 19.2-306 provides, in pertinent part: "The court may, for *any cause* deemed by it sufficient which occurred at any time. . . within the period of suspension fixed by the court, . . . revoke the suspension of sentence . . . ." (emphasis added). Although the power of the court to revoke a suspended sentence granted by this Code section is broad, it is not without limitation.

"The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.' The discretion required is a judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.' "

*Hamilton v. Commonwealth,* 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (per curiam) (quoting *Marshall v. Commonwealth,* 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960)).

■ Where, as here, the *only* "cause" implicated by the evidence and under consideration by the trial court for the revocation of a suspended sentence is the "failure to execute the plan" of restitution, that

is, the failure to pay the restitution as ordered, the above-quoted language brings the relationship between the pertinent provisions of Code §§ 19.2-305.1(D) and 19.2-306 into proper focus. Thus, when these Code sections are applied in conjunction, the requirement of Code § 19.2-305.1(D) that only ''unreasonable'' failure to pay restitution shall result in revocation of a suspended sentence restricts the scope of the court's authority under Code § 19.2-306 to revoke a suspension for ''any cause'' deemed by it sufficient. In short, a reasonable failure to pay restitution negates a reasonable cause to revoke a suspended sentence.

In the present case, the trial court's determination that Duff's failure to pay the restitution was neither willful nor the result of fraudulently secreting funds precludes a determination that his failure to pay the restitution was unreasonable. Rather, the court's determination inexorably leads to the conclusion that Duff simply did not have the ability to pay the restitution. Moreover, the evidence suggests and supports no other determination. Under such facts, we hold as a matter of law that the evidence was insufficient to revoke the suspended sentence and that the trial court, in so doing, abused its discretion.

In reaching this result, we are not unmindful of the conscientious concerns of the trial judge for the victims of Duff's crime, and for Duff, that are patently clear from the record. We share the concern that restitution should be completed within a reasonable period of time. Nor do we mean to suggest that Duff's *current* financial situation prevents the trial court from imposing alternate means of punishment upon him. Rather, the court is required to consider reasonable alternatives to imprisonment and not merely to automatically revoke the suspended sentence. In that regard, we note that Code § 19.2-305.1 does not mandate full restitution as a condition of a suspended sentence, and Code § 19.2-305.2 permits the court to authorize the victim to enforce the order of restitution in the same manner as a judgment in a civil action. In addition, the court has the authority to modify the plan of restitution to require the payment of a percentage of Duff's weekly income, as Duff proposed at the May 15, 1991 revocation hearing. In short, within the exercise of its sound discretion the court has the authority to fashion a reasonable plan of restitution within Duff's ability to pay it.

In sum, we hold that the ability to pay is a necessary consideration in the trial court's determination of cause for the failure to pay restitution ordered as a condition of a suspended sentence. Where the

evidence establishes that the failure resulted solely from an inability to pay and not a willful refusal, it is an abuse of discretion to automatically revoke the prior suspended sentence without considering reasonable alternatives to imprisonment. In such circumstances, however, the court may modify the plan consistent with the defendant's ability to pay or employ some other means to permit the victim to recover the loss.

For these reasons, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

Barrow, J., and Fitzpatrick, J., concurred.