ANNUNZIATA, Judge.
On appeal, Tyrone Orlando Peyton challenges the validity of the revocation of his suspended sentence by the Circuit Court of Henrico County. We find no error and affirm.

*358
Facts

The material facts underlying this case are not in dispute. On April 3, 2001, Peyton was convicted of possession of cocaine with intent to distribute. On July 12, 2001, the trial court sentenced him to 10 years in prison and suspended 7 years. The trial court further ordered that Peyton be evaluated for participation in an alternative sentencing program pursuant to Code § 19.2-316.2. Peyton was accepted into the program, and the trial court suspended the balance of his sentence on the condition that he complete the program. On October 1, 2001, he was transferred from local confinement to a detention center in accordance with the alternative sentencing program.
In January 2002, Peyton began vomiting blood while at the detention center and was taken to the hospital. He had approximately one month remaining in the program. Peyton was discharged from the detention center program on January 15, 2002 due to “medical/psychological reasons.” In a show cause proceeding on February' 7, 2002, the trial court determined that Peyton had violated the terms of his suspended sentence by not completing the program and imposed the original three-year active sentence, with credit for time served. The trial court stated that Peyton’s participation in the detention center program “didn’t work out.”

Analysis

On appeal, Peyton argues the trial court abused its discretion in revoking his suspended sentence, on the ground his discharge from the detention center was not due to his willful conduct or behavior. We find his contention without merit.
“A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so ‘for any cause deemed by it sufficient.’ The court’s findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.” Davis v. Commonwealth, 12 Va.App. 81, 86, 402 S.E.2d 684, 687 *359 (1991) (citations omitted). Furthermore, the trial court “ ‘undoubtedly has the power to revoke [the suspension of a sentence] when the defendant has failed to comply with the conditions of the suspension.’ ” Russnak v. Commonwealth, 10 Va.App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)).
Code § 19.2-316.2(A) authorizes courts to “consider[ ]” committing certain non-violent felons to a detention center in lieu of an active period of incarceration.[1] The detention centers operate as part of the Department of Corrections, pursuant to Code § 53.1-67.7. Code § 19.2-316.2(A)(2) requires a prospective participant to meet certain physical and emotional requirements as a condition for acceptance and participation in the program. Satisfying these requirements is a prerequisite to the Department’s recommendation that the trial court commit the defendant to the program.[2] Code § 19.2-316.2(A)(4) further provides: “Upon a finding that the defendant ... was removed from the program by the Department for intractable behavior ... the court may revoke all or a part of the probation and suspended sentence----” Code § 19.2- *360 816.1[3] defines “Intractable behavior,” in part, as: “behavior which, in the determination of the Department of Corrections, (i) indicates an inmate’s unwillingness or inability to conform his behavior to that necessary to his successful completion of the program[.]”
Applying these statutory provisions to the case at bar, we find that the trial court did not abuse its discretion in revoking Peyton’s commitment to the detention center and his suspended sentence. Code § 19.2-316.1 does not provide that an inmate’s “unwillingness” to continue the program is the sole or exclusive reason warranting removal from a detention center program and the revocation of a suspended sentence pursuant to Code § 19.2-316.2(A)(4). The Code also provides that an inmate’s “inability” to conform his behavior to program requirements will justify his removal from the program and the revocation of a suspended sentence. Code § 19.2-316.1. Moreover, Code § 19.2-316.2(A)(2) provides that a “determination that ... [a] defendant is physically ... suited for the program” is a prerequisite to being recommended or accepted into the program. When, subsequently, a defendant can no longer meet the initial requirements for participation, and is no longer “physically suited” for the detention program, neither the program nor the court is required to continue him in the program. Where, as here, participation in a detention center program is a required condition under Code § 19.2-316.2(A) to qualify a nonviolent felon for diversion in lieu of incarceration, we find that the trial court did not abuse its discretion in revoking the suspended sentence.
Peyton began vomiting blood in January 2002, while he was in the program, and had to be taken to the hospital. When he returned from the hospital, he continued to have abdominal *361 pain. Shortly thereafter, the Department of Corrections discharged him from the detention center for “medieal/psychological reasons.” From this evidence, the trial court concluded that the Department of Corrections had determined Peyton no longer met the physical requirements for participation in the program and, thus, did not have the ability to conform his behavior to that necessary to complete the program. The trial court acted within its discretion under Code § 19.2-S16.2(A) when it revoked Peyton’s suspended sentence.
Peyton relies on our holding in Duff v. Commonwealth, 16 Va.App. 293, 429 S.E.2d 465 (1993), to support his contention that “if noncompliance [with the terms of the suspended sentence] is not willful, revocation is unreasonable.” Duff is distinguishable from the case at bar because the suspended sentence in Duff did not involve the application of express statutory provisions establishing specific criteria to qualify for diversion rather than incarceration.[4] Whether Code § 19.2-316.2(A)(4) requires willful conduct in order to justify revocation of a suspended sentence was not at issue in Duff and Peyton’s reliance on it is, therefore, misplaced.
Peyton further argues that the trial court abused its discretion in revoking the suspended sentence because the trial court erroneously believed it was required to impose Peyton’s original sentence. We disagree with this contention. Assuming the trial judge was unaware that he had the discretion to continue the suspended sentence he earlier imposed, Peyton explicitly informed him of that principle during the motion to reconsider. After the trial court revoked Peyton’s *362 suspended sentence, Peyton made a motion to reconsider, in which he specifically stated to the court,
I wanted to make sure that I had done my job and noted that he is before you "with, or had been before you with ten years suspended and that this court had the power and the jurisdiction not to impose any of that, not to revoke any of that suspended sentence.
After hearing the motion, the trial judge stated, “[H]e gets the three year sentence. That’s plain and simple. Same as last time ... I don’t have any different feeling about it.” The trial judge considered the argument and responded that his decision remained the same. Thus, we find no abuse of discretion. For the foregoing reasons, we affirm.

Affirmed.

. Code§ 19.2-316.2(A) provides:
A defendant who otherwise would have been sentenced to incarceration for a nonviolent felony as defined in § 19.2-316.1 or who has been previously incarcerated for a nonviolent felony as defined in § 19.2-316.1 but otherwise meets the following criteria and (i) who is determined by the court to need more security or supervision than provided by the diversion center incarceration program under § 53.1-67.7, (ii) whose age or physical condition disqualifies him from the Boot Camp Incarceration Program under § 53.1-67.1, and (iii) who can benefit from a regimented environment and structured program, may be considered for commitment to a detention center established under § 53.1-67.8____

. Code § 19.2-316.2(A)(2) provides:
Upon determination that (i) such defendant is physically and emotionally suited for the program, (ii) such commitment is in the best interest of the Commonwealth and the defendant, and (iii) facilities are available for the confinement of the defendant, the Department shall recommend to the court in writing that the defendant be committed to the Detention Center Incarceration Program.

. Code § 19.2-316.1 specifically addresses the "Boot Camp Incarceration Program” while § 19.2-316.2 addresses the "Detention Center Incarceration Program.” Both sections use the phrase "intractable behavior," as a ground for removal from the programs. The phrase is only defined in § 19.2-316.1. Thus, we have cited to § 19.2-316.1 for purposes of defining “intractable behavior,” despite the fact that Peyton entered a detention center program pursuant to § 19.2-316.2.

. In Duff, the defendant was convicted of embezzlement and received a partially suspended sentence, on the condition that he make restitution payments. When he failed to comply with the restitution condition, the trial court revoked his suspended sentence. The evidence established that the defendant’s failure to make restitution payments resulted from various financial setbacks and was not "willful.” Accordingly, we reversed the trial court’s decision for abuse of discretion, on the ground that the revocation was unreasonable. Duff, 16 Va.App. at 298, 429 S.E.2d at 468.