BENTON, Judge,
dissenting.
“Although the power of the court to revoke a suspended sentence granted by ... [Code § 19.2-306] is broad, it is not without limitation.” Duff v. Commonwealth, 16 Va.App. 293, 297, 429 S.E.2d 465, 467 (1993). By well established rules of decision “ ‘[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause.’ ” Id. Thus, we have held that “a reasonable failure to [conform to the condition of the suspension] negates a reasonable cause to revoke a suspended sentence.” Id. at 298, 429 S.E.2d at 467.
The evidence established that the trial judge suspended Peyton’s prison sentence for a non-violent crime on the condition that he participate in an alternative detention program. Peyton was accepted in the program and successfully completed three months of the program. A month before he would have finished the program, Peyton began to develop abdominal pains and was discharged from the program. The trial judge indicated it “sounds like ulcers.” Although the trial judge found that he did not question Peyton’s sincerity or desire to finish the program, he nevertheless revoked Peyton’s suspended sentence and ordered him to prison, noting “I don’t think there’s anything I can do ... it didn’t work out.”
*363 The statute governing the detention program contains the following proviso:
Upon the defendant’s (i) voluntary withdrawal from the program, (ii) removal from the program by the Department for intractable behavior as defined in § 19.2-316.1, or (iii) failure to comply with the terms and conditions of probation, the court shall cause the defendant to show cause why his probation and suspension of sentence should not be revoked. Upon a finding that the defendant voluntarily withdrew from the program, was removed from the program by the Department for intractable behavior, or failed to comply with the terms and conditions of probation, the court may revoke all or part of the probation and suspended sentence and commit the defendant as otherwise provided in this chapter.
Code § 19.2-316.2(A)(4).
I would hold that the trial judge abused his discretion by revoking the suspended sentence and ordering Peyton to prison. The record does not establish the existence of any of the statutory conditions that would support the revocation of the suspended sentence. Peyton demonstrated neither intractable behavior nor an unwillingness or refusal to finish the program.
In Duff, we reversed the trial judge’s revocation of a suspended sentence because the evidence proved that Duffs “failure to pay the restitution resulted from an inability to pay it rather than an unwillingness or refusal to do so.” 16 Va.App. at 296, 429 S.E.2d at 466. We reasoned as follows:
[T]he trial court’s determination that Duffs failure to pay the restitution was neither willful nor the result of fraudulently secreting funds precludes a determination that his failure to pay the restitution was unreasonable. Rather, the court’s determination inexorably leads to the conclusion that Duff simply did not have the ability to pay the restitution. Moreover, the evidence suggests and supports no other determination. Under such facts, we hold as a matter of law that the evidence was insufficient to revoke the sus *364 pended sentence and that the trial court, in so doing, abused its discretion.
In reaching this result, we are not unmindful of the conscientious concerns of the trial judge for the victims of Duffs crime, and for Duff, that are patently clear from the record. We share the concern that restitution should be completed within a reasonable period of time. Nor do we mean to suggest that Duffs current financial situation prevents the trial court from imposing alternate means of punishment upon him. Rather, the court is required to consider reasonable alternatives to imprisonment and not merely to automatically revoke the suspended sentence.
Id. at 298, 429 S.E.2d at 468.
Peyton’s failure to finish the program resulted from a medical inability to continue and was not the result of an unwillingness or refusal to do so. This illness was not a reasonable cause to revoke Peyton’s suspended sentence. Code § 19.2-316.2 allows the judge to revoke all or part of the suspended sentence if the defendant voluntarily withdraws, is removed “for intractable behavior,” or violates the terms of probation. The majority, however, upholds the trial judge’s decision and cites Peyton’s physical illness as the event that deprived him of “the ability to conform his behavior to that necessary to complete the program.” Simply put, the connection between vomiting blood and “intractable behavior” is tenuous and unconvincing.
The majority further reasons that the trial judge’s revocation was not an abuse of discretion because being “physically suited” is a prerequisite for acceptance into the program. There is a clear distinction, however, between the terms of acceptance into the program and cause for removal from the program. The majority blurs the distinction and incorporates one into the other. The statute does not equate “intractable behavior” with a person’s failure to complete the program through illness or a lack of individual fault. Code § 19.2-316.1 defines “Intractable behavior” in terms that denote willful or obstinate conduct.
*365 As in Duff, I would reverse the trial judge’s revocation of the suspended sentence and remand to consider reasonable alternatives to imprisonment.