BENTON, J.,
concurring, in part, and dissenting, in part.
I concur in the portion of the opinion styled Revoking Probation and in reversing the trial judge’s finding that Verlie Marion Word violated a condition of probation. I dissent from the holding that the trial judge did not err in revoking Word’s suspended sentence.
The record indicates that after the trial judge accepted Word’s guilty plea, the judge ordered that Word be evaluated by the Detention Center Incarceration Program. The Detention Center did so and determined that Word was suitable for the placement. The final conviction order, which was entered in 2001, suspended eight years and twelve months of Word’s sentence on condition that he enter and successfully complete the Detention Center program. After Word served the sen *509 tence of active incarceration, the Department of Corrections did not transfer him to the Detention Center as required by the order.
At a hearing held less than four months after entry of the conviction order, the prosecutor represented to the trial judge by way of proffer the following reason for the Department’s actions:'
Mr. Word is the subject of a federal investigation related to two murders that occurred in 1993. We’ve been investigation this ... since '93 and with my involvement, I guess, since the last of that, four months.
Mr. Word, in our opinion, was a security risk. Word had gotten back to him that he was going to be charged with two counts of capital murder. We believe that he is a security risk, a flight risk.
I made contact with the detention center and inquired of them as to what their facilities were like, whether or not he would be allowed to leave the premises unaccompanied.
They advised that precautions could be taken with somebody, but in light of the charges, though they are not pending, I want to make that clear to the Court, he has not been charged yet, though I can state quite frankly in court, he will be charged. The evidence is quite sufficient.
He will probably be charged in February for the two counts of capital murder plus a number of other federal charges relating to the attempted distribution of controlled substances. I believe that would be more than fifty grams.
Anyway, I’m sorry, I relayed that information to the detention center. And they said, quite frankly, in that case, we can’t take someone like that, he cannot be housed here, especially in light of the fact that I cannot guarantee them, that he would not be able to complete any type of program and that it’s most likely that he would be taken out of the program there soon after July.
So, that’s the basis for the show cause. And, in essence he cannot complete the detention center.
*510 “Although the power of the court to revoke a suspended sentence granted by ... [Code § 19.2-306] is broad, it is not without limitation.” Duff v. Commonwealth, 16 Va.App. 293, 297, 429 S.E.2d 465, 467 (1993). By well established rules of decision “ ‘[t]he cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause.’ ” Id. Thus, we have held that “a reasonable failure to [conform to the condition of the suspension] negates a reasonable cause to revoke a suspended sentence.” Id. at 298, 429 S.E.2d at 467.
The dispositive issue is whether, based on the information before the trial judge, Code § 19.2-316.2 permitted revocation of the suspended sentence or whether revocation was otherwise authorized under Code § 19.2-306, the general statute for revoking probation and suspended sentences. I believe those statutes did not authorize the revocation of the sentence. When the trial judge convicted and sentenced Word for nonviolent felonies, the judge intended to impose upon Word confinement in a regimented environment with a structured program between his active incarceration and his release into the community. The Detention Center is for non-violent offenders, such as Word, who do not qualify for the Boot Camp Incarceration Program pursuant to Code § 19.2-316.1, but nevertheless require structured detention. The Detention Center determined that Word was emotionally and physically suited to the program and could benefit from it. When the program later determined not to “accept” Word after the judge had ordered the placement, Word had not been charged in that interval with any offense.
Code § 19.2-316.2(4) provides that “[u]pon a finding that the defendant voluntarily withdrew from the program, was removed from the program ... for intractable behavior, or failed to comply with the terms and conditions of probation, the court may revoke all or part of the probation and suspended sentence----” Word did not withdraw from the Detention Center and was not removed for intractable behavior as defined by Code § 19.2-306.1. The crimes, which the prosecutor alleges the federal authorities were investigating, preceded the term of probation and suspended sentence and, thus, *511 would not have been a basis for revoking Word’s suspended sentence. See Bailey v. Commonwealth, 19 Va.App. 355, 357, 451 S.E.2d 686, 687 (1994) (holding that “[t]he revocation of the suspended sentence ... must be based upon cause that occurred within the suspension or probation period”). See also Code § 19.2-306; Preston v. Commonwealth, 14 Va.App. 731, 419 S.E.2d 288 (1992). Indeed, the prosecutor noted the Commonwealth had been investigating these same events since 1993. At the 2001 sentencing proceeding, however, these matters were not disclosed to the trial judge as a reason to deny granting either the suspended sentence or probation.
The trial judge did not find and the record does not suggest that Word was unwilling or unable to conform his behavior to that required to complete the program. See Code § 19.2-316.1 (defining “intractable behavior” in terms that denote willful or obstinate conduct). Furthermore, no provisions of Code §§ 19.2-316.2 or 19.2-316.1 require that a person being considered for the program be disqualified due to ongoing criminal investigations. The Detention Center had determined pursuant to Code § 19.2-316.2(A)(2) and (3) that Word met the criteria for eligibility in the program, and the record establishes no grounds for revocation of his suspended sentence. Additionally, the prosecutor did not prove any violations of the conditions of probation or of the requirements to be of good behavior.
The record also does not establish that the Detention Center had a policy which precluded Word’s admission to the program. Indeed, Word’s attorney proffered that the supervisor of the program told her the Detention Center’s policies did not bar Word’s entry to the program. The prosecutor concurred in that representation in the following colloquy:
[PROSECUTOR]: That seems to confirm my conversation with him. When I initially spoke with him I was just inquiring as to their security at this facility. I mean, I fully expected Mr. Word to go to the detention center, and I was just concerned that he was a flight risk and was inquiring what the security was. When I mentioned pending charges or the possibility of pending charges — and I guess I was *512 forceful, I guess, in my representation that charges are coming — it’s more of, I guess, a matter of getting the ducks in a row at the federal level — that seemed to peak his interest, but it — but I guess the counter question from him was could I guarantee that Mr. Word would complete the program. And that seemed to be — their biggest concern was they didn’t want someone that they knew was most likely going to be taken out before the completion of the program. And I don’t know if they have some sort of statistic thing or—
[JUDGE]: Their funding is based on how many people they get — they get to complete the program.
[PROSECUTOR]: I thought that might be the issue, Your Honor.
[THE COURT]: That’s their problem. They’re going to shy away from anybody they don’t think — they’re not pretty sure is going to get through the program.
[PROSECUTOR]: I think that’s — maybe I was too forceful in the representation that this is coming....
Thus, it is apparent from the record that Word continued to be qualified for participation in the program. The Detention Center, nevertheless, refused to accept custody of Word because it was concerned about protecting its statistical profile. The trial judge accepted that rationale, ruled that Word had violated the terms of his suspended sentence, and did not consider any alternatives but that of additional incarceration.
While our decision in Duff addressed probation violations under Code § 19.2-305.1, specifically the failure to pay restitution, the principles discussed in that opinion concerning reasonableness apply generally. See also Code § 19.2-306; Coffey v. Commonwealth, 209 Va. 760, 167 S.E.2d 343 (1969) (holding that good behavior is an implicit condition of every suspended sentence). ‘Where the evidence establishes that the failure [to comply with the terms of a suspended sentence] resulted from an inability to [perform] and not a willful refusal, it is an abuse of discretion to automatically revoke the prior suspended sentence without considering reasonable alternatives to imprisonment.” Duff, 16 Va.App. at 298-99, 429 *513 S.E.2d at 468. In the present case, the trial judge acknowledged that the Detention Center’s refusal to accept Word was not due to willful misconduct by Word. Further, the trial judge accepted the proffers and made no direct inquiry as to why the Detention Center failed to accept Word after the Detention Center had found him qualified and recommended the referral.
Simply put, the record indicates the revocation of the suspended sentence was based on the fact that the Detention Center did not receive from the prosecutor a “guarantee that ... Word would complete the program” and, thus, the Detention Center declined to put at risk its statistical profile. The trial judge exercised an arbitrary and unreasonable judgment in accepting this rationale. “The discretion required is a judicial discretion, the exercise of which ‘implies conscientious judgment, not arbitrary action.’ ” Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (citation omitted). Under these circumstances, I would hold that the trial judge abused his discretion in finding that Word violated the terms and conditions of his suspended sentence and in sentencing him to an additional term of incarceration.
For these reasons, I would reverse both the finding that Word violated his probation and the order revoking the suspended sentence.