COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Huff and Lorish

RICHARD KEVIN RIDDICK

v.     Record No. 0961-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
FEBRUARY 21, 2023

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge[1]

(Kelsey Bulger, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee.


Richard Kevin Riddick appeals the trial court's judgment revoking his probation and

suspended sentence. Specifically, he argues that the trial court erred in finding him in violation

of Conditions 6 and 11 of his probation.[2] After examining the briefs and record in this case, the

panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without

merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). Consequently, we affirm the trial court's

judgment.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Marjorie A. Taylor Arrington presided over the revocation hearing in April 2022.
Judge John W. Brown presided over the revocation and sentencing hearing in June 2022.

[2] Riddick does not challenge the trial court's determination that he violated probation
Condition 1 by committing a new criminal offense.

BACKGROUND[3]

In 2010, following Riddick's convictions for possessing burglarious tools and petit larceny, third offense, the trial court sentenced Riddick to 10 years' imprisonment with 6 years and 18 months suspended. The trial court also imposed 10 years of supervised probation to follow Riddick's release. The trial court found Riddick in violation of his probation in July 2013 based on Riddick's new conviction for petit larceny, third offense, and in May 2014 based on Riddick's new conviction for concealment. Following the second violation, the trial court revoked Riddick's suspended sentence and resuspended 5 years and 12 months.

Riddick resumed his supervised probation in November 2016 while he was living in Portsmouth. "Due to [his] compliance and clean urine screens," his probation officer placed him on "the Shadow Track self[-]report system" in September 2018. Riddick then moved to Suffolk and reported his new address to probation. While in the Shadow Track program, Riddick was required to call his probation officer monthly, which he did until December 2019. In April 2020, however, his probation officer filed a major violation report ("MVR") alleging that Riddick had not made contact with probation since December 2019. Accordingly, probation removed Riddick from the Shadow Track system in February 2020 and returned his supervision to Chesapeake, the district where he was originally sentenced.

Riddick's probation officer initially tried to contact Riddick by telephone; when those efforts proved unsuccessful, she asked Riddick's mother to request that Riddick contact probation. Riddick's mother later reported that she asked Riddick to call probation, as requested. In March 2020, probation mailed a letter to Riddick's last known address in Suffolk instructing him to report in person to the probation office later that month. Riddick did not report or make

---

[3] Under settled principles, we state the facts in the light most favorable to the Commonwealth, the prevailing party below. *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018).

any other contact. The MVR therefore alleged that Riddick violated Condition 6 of his probation—which required Riddick to follow his probation officer's instructions—and Condition 11—which prohibited Riddick from absconding from supervision. The trial court issued a capias for Riddick's arrest in April 2020, which was not executed until February 2022.

In April 2022, Riddick's probation officer filed an addendum to the MVR, alleging that Riddick was arrested in February 2022 for possession of Schedule I or II drugs, in violation of Condition 1 of his probation.

The trial court held a revocation hearing a few days later to address the alleged violations of Conditions 6 and 11.[4] Riddick pleaded not guilty to violating those conditions. His probation officer testified consistent with the facts described above. She also explained that probation did not attempt home contacts with probationers in March 2020 due to the COVID-19 pandemic.

Riddick testified that he stopped calling probation because he lost his phone, "lost all communication," contracted COVID-19, and "was never told where to go after the pandemic hit." He further testified that his Suffolk address, which was his last known address to probation, was condemned in 2021 and that he stayed in a homeless shelter for several months before moving back to his old address in Portsmouth. He did not report his change of address to probation because he did not know whether to report to Portsmouth or Chesapeake and "was waiting on somebody to let him know." He claimed that he never received the letter sent to the Suffolk address but insisted that probation should have tried contacting him at the Portsmouth address or his mother's address and that, if his mother had talked to probation, "she would have let him know." During argument, Riddick, through counsel, admitted that "he changed addresses without permission" but asked the trial court "to consider dismissing the Condition 11

---

[4] The parties did not explicitly argue whether the amendments to Code § 19.2-306(C) and codification of Code § 19.2-306.1 applied to Riddick's revocation hearing. Probation prepared guidelines using the amendments to the statutory scheme governing revocation proceedings.

absconding." He did not ask the court to dismiss the Condition 6 violation. In allocution, Riddick again claimed, "I'm not guilty, but I just . . . didn't know how to get in contact with [probation]." After expressing some exasperation with Riddick's explanations,[5] the trial court found Riddick in violation of Conditions 6 and 11 but continued the case for sentencing due to Riddick's pending charge.

Riddick was convicted of the drug charge in May 2022. Accordingly, at the revocation and sentencing hearing held in June 2022, he admitted to violating Condition 1 of his probation. After explaining that it "d[id not] buy for a minute the story that [Riddick] got mixed up" and that for "26 months in a row [Riddick] decided not to call in or . . . make the effort to let [probation] know that [he] w[as] under some confusion as to whether [he] needed to report," the trial court revoked Riddick's sentence and resuspended 3 years and 12 months, leaving an active sentence of 2 years' imprisonment. Riddick appeals.

ANALYSIS

Riddick argues on appeal that the trial court erred by finding him in violation of Conditions 6 and 11 of his probation.[6] "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Green*

---

[5] For example, the trial court summarized Riddick's testimony:

> All [probation] had to do was to send it to—which address? He
> gave so many. . . . His mother's address, which is somewhere,
> they should have known to send it to his mother's address. I'm
> saying that sarcastically, but he really does believe that they should
> have just sent it to his mother's address. You believe that?

After defense counsel's argument, the trial court stated, "Mr. Riddick, you have a lot of excuses."

[6] Although Riddick contested both violations, during closing argument he asked the trial court only to dismiss the Condition 11 violation. Nonetheless, we address Riddick's arguments as to both charges.

*v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1." Code § 19.2-306(C). If the basis of the violation is that the defendant committed a new criminal offense, the court may "impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B).[7]

There is no basis to overturn the trial court's judgment. Riddick argues that "the trial court should have considered whether Riddick's failure to comply with conditions [6] and [11] was a willful one." The record clearly shows that the trial court did so and found Riddick's conduct willful. At the April hearing, the trial court repeatedly expressed incredulity at what the court termed Riddick's "excuses." At the June hearing, the trial court explained that it "d[id not] buy for a minute the story that [Riddick] got mixed up." The court particularly emphasized that Riddick made no effort to contact probation or alleviate his alleged confusion for over two years. Although the trial court did not explicitly use the word "willful," its reasoning is clear and not an abuse of discretion.[8]

---

[7] The General Assembly amended Code § 19.2-306(C) and codified Code § 19.2-306.1, effective July 1, 2021. 2021 Va. Acts Spec. Sess. I ch. 538. The Commonwealth appears to have agreed to proceed under the new statutory scheme for purposes of Riddick's revocation proceeding. *See Heart v. Commonwealth*, 75 Va. App. 453, 463-64 (2022) (finding consent to proceed under the amendments where the probation officer prepared guidelines relying on the amendments and the Commonwealth did not object to application of the amendments). In any event, because Riddick committed a new criminal offense, whether the old or new law applies has no effect on the outcome of this appeal.

[8] Moreover, trial courts are not required to state factual findings or legal conclusions unless required to by statute. *Bowman v. Commonwealth*, 290 Va. 492, 500 n.8 (2015). "The

Riddick's reliance on *Duff v. Commonwealth*, 16 Va. App. 293 (1993), is unavailing. In *Duff*, this Court held that the circuit court erred by revoking the defendant's suspended sentence for failure to pay restitution where the evidence showed that the defendant lacked the financial ability to pay the restitution. *Id.* at 297-99. The evidence in this case, by contrast, did not demonstrate that it was impossible for Riddick to comply with his probation terms, only that he made no effort to do so. Accordingly, we find no abuse of discretion in the trial court's decision to revoke Riddick's suspended sentence.[9]

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*

---

trial court is presumed to know and correctly apply the law" absent contrary evidence. *Rainey v. Rainey*, 74 Va. App. 359, 377 (2022).

[9] In any event, the trial court could have revoked Riddick's suspended sentence based on his admitted violation of Condition 1, and Riddick does not challenge the length of his sentence on appeal. Accordingly, any error by the trial court would be harmless.