# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court building in the City of Richmond on Thursday, the 18th day of December, 2025.*

Present: All the Justices

COMMONWEALTH OF VIRGINIA, APPELLANT,

against      Record No. 240814
Court of Appeals No. 0216-23-4

DEREK BRAWNER, APPELLEE.

UPON AN APPEAL FROM A
JUDGMENT RENDERED BY THE
COURT OF APPEALS OF VIRGINIA.

The Circuit Court of Arlington County issued a show cause to a probationer, Derek Brawner, based on his failure to pay court costs. Following a hearing, the circuit court found that Brawner was in violation of the conditions of his probation. The Court of Appeals reversed. Emphasizing certain statements by the circuit court, the Court of Appeals held that the circuit court abused its discretion in finding the petitioner in violation of the terms of his probation "[b]ecause the record does not support a finding that Brawner willfully failed to comply with probation." *Brawner v. Commonwealth*, No. 0216-23-4 (Aug. 27, 2024). The Commonwealth appeals from this judgment, contending that the Court of Appeals misconstrued certain comments made by the circuit court and, moreover, that the evidence was sufficient for the circuit court to find Brawner in violation of the conditions of his probation. For the reasons that follow, we agree with the Commonwealth. Therefore, we reverse the judgment of the Court of Appeals.

I.

Brawner pleaded guilty on July 31, 2019, to possession of heroin, possession of a firearm while possessing heroin, and possession of a firearm after having previously been convicted of a felony. He received a five-year suspended sentence conditioned on three years of supervised probation. The sentencing order required Brawner, among other things, to pay court costs.

Brawner also signed a "court cost agreement form," which stated that he must pay court costs or establish a payment plan with the clerk's office within 45 days of being released from incarceration. His court costs at that time amounted to $3,373.00.

After serving time on a different charge, Brawner was released on probation in May 2021. In September 2021, the clerk's office mailed Brawner a notice informing him that he owed the court $3,373 in court costs. The notice stated that "payment is due NOW" and that failure to pay or enter an approved payment agreement could result in further incarceration.

On November 11, 2021, the probation office issued a major violation report, notifying the circuit court that Brawner had been arrested in Maryland on gun charges. Brawner was able to post a bond in Maryland in the amount of $55,000. Based on the Maryland arrest, Brawner was arrested and held without bail in Virginia for violating the terms of his probation. In December 2021, Brawner made a payment of $500 towards his court costs. That same month, the circuit court appointed the public defender's office to represent Brawner. In January 2022, the circuit court continued the case until April, at Brawner's request, and the circuit court released Brawner on his own recognizance.

A series of court appearances and continuances followed. Brawner appeared in April for the hearing. The court ordered drug testing, and Brawner tested positive for drugs. The case was continued again, this time to June. When he returned to court in June, he again tested positive for marijuana. The circuit court continued the case to August. In August, at Brawner's request, the circuit court continued the case to October 2022. On October 7, Brawner informed the circuit court that the Maryland charges had been dropped. However, based on repeated positive drug tests for marijuana use, the circuit court revoked Brawner's bond. The circuit court then continued the case to November to consider, among other things, Brawner's failure to pay court costs. A few days later, in mid-October, Brawner was released by posting a bond the circuit court set at $35,000. Several more continuances followed, and the case was finally set for a hearing on December of 2022. Meanwhile, in November, the previously dismissed Maryland gun charges returned as federal charges.

At the December hearing, the circuit court heard evidence concerning Brawner's payment of court costs. Brawner had paid $500 towards his court costs in December of 2021, and on the morning of the hearing—nearly a year later—he paid an additional $50. The record is silent

2

concerning any effort to pay between December 2021 and December 2022 or any attempt to set up a payment plan.

With respect to Brawner's financial situation, the circuit court was aware that Brawner has two children that he helps to support and that his wife works as a massage therapist. Brawner stated in January of 2021 that he was earning about $1,500 per month as a brick layer when he was not in custody for separate offenses in Virginia and Maryland. Upon his release, in 2022, he found work driving a truck and then as a flagger. As a flagger, he earned $14 per hour. The number of hours he was able to work varied, but at one point, he worked 30 to 40 hours per week. He lost that job when he was again held without bond. Brawner said he started a candle-making business. The record does not reveal how much he earned from that enterprise. Brawner was able to post a $35,000 bond in Virginia, and a $55,000 bond for his charges in Maryland.

The circuit court inquired of defense counsel whether Brawner had requested relief from the court costs by performing community service as a substitute, as permitted by Code § 19.2-345(C). Defense counsel answered that he did not think so. The circuit court stated, "I don't see any reason why he couldn't [have] come before [t]he Court to do community service hours." The circuit court found Brawner in violation of the terms of his probation. Defense counsel objected, stating that Brawner's failure to perform community service was not a violation of the terms of probation. The judge responded that Brawner was ordered to pay in 45 days, and if there was good cause for why he could not, then the court could "potentially not find a violation." The judge further observed that Brawner "took no action for relief" from the circuit court's order; instead, he "just ignored it." The circuit court stated it did not find "good cause for him not to have done anything on his court costs except, when he has a court date, coming up to pay $50." Defense counsel interjected that Brawner was not notified that community service in lieu of paying court costs was an option. The circuit court concluded the exchange by stating that "the fact that he ignored his court costs obligation is the reason why he finds himself in this circumstance[]."

The circuit court revoked Brawner's previously suspended sentence, re-suspended it, and ordered him to serve 277 hours of community service in lieu of paying his court costs, to be served at a rate of 10 hours per month.

Brawner appealed to the Court of Appeals. A panel of that Court reversed. *Brawner v. Commonwealth*, No. 0216-23-4 (Aug. 27, 2024). The Court of Appeals first observed that "the

fact of Brawner's indigence is undisputed." Slip op. at 5. The Court of Appeals further noted that, pursuant to Code § 19.2-345(C), it is the trial court's responsibility to inform a probationer of the availability of community service as an alternative to paying court costs. Slip op. at 6. The record does not indicate that Brawner was ever informed of this option. Therefore, the Court of Appeals reasoned, the circuit court erred in "finding [that Brawner's] failure to seek community service [was] a willful violation." Slip op. at 6. We granted the Commonwealth an appeal from this decision.

## II.

Established principles guide our review. We "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it." *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018) (quoting *Henderson v. Commonwealth*, 285 Va. 318, 329 (2013)). "The sufficiency of the evidence to sustain an order of revocation 'is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion.'" *Duff v. Commonwealth*, 16 Va. App. 293, 297 (1993) (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

A defendant who is found guilty in a criminal case is required to pay certain court costs that are generated by the prosecution of the case. Code § 19.2-336. The statutory scheme allows a court, working through the clerk's office, to establish a payment plan. Code § 19.2-354. The payment plan can include installments or deferred payments. *Id.*

"[I]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient." Code § 19.2-306. When the issue before the court is a failure to pay court costs, the court must inquire into the reasons for the defendant's failure to pay. *Smallwood v. Commonwealth*, 300 Va. 426, 433 (2022); *see also Bearden v. Georgia,* 461 U.S. 660, 672 (1983). The burden of proving an inability to pay, however, rests with the defendant. *Smallwood*, 300 Va. at 433. "[T]he defendant is given the opportunity at any time to demonstrate that any default was not attributable to any refusal to make a good faith effort to obtain the funds necessary for payment. The trial court may allow the defendant additional time for payment, reduce the amount of the payments on each installment, or remit the unpaid portion in whole or in part." *Ohree v. Commonwealth*, 26 Va. App. 299, 312 (1998); *see also* Code § 19.2-358 (allowing the court to

4

remit the unpaid portion of the amount due). A defendant cannot be sanctioned for refusing to pay when the failure to pay is not intentional or the defendant is financially unable to pay. *Ohree*, 26 Va. App. at 312. Sanctioning a defendant under those circumstances is an abuse of discretion. *Id*.

Applying these principles here, we first turn to Brawner's financial condition. The evidence plainly establishes Brawner's limited resources, but it does not support a conclusion that he could pay nothing at all towards his court costs over the duration of an entire year. He held several jobs and was operating a fledgling candle-making business. In the year before the hearing on court costs, he was able to post a $35,000 bond in Virginia and a $55,000 bond in Maryland.[1] There is no indication that Brawner sought an installment or a deferred payment plan, despite being informed several times about that option. It was Brawner's burden to establish his inability to pay. *Smallwood*, 300 Va. at 433. The circuit court could conclude on these facts that Brawner's failure to make any payments whatsoever over the course of an entire year, combined with his failure to seek to establish a payment agreement, constituted a willful violation of his obligation to pay court costs.

The Court of Appeals held that, by allowing Brawner to perform community service, the circuit court implicitly found that Brawner had no ability to pay his costs. *Brawner*, slip op. at 5. Applying the governing standard of review, as we must, prompts us to disagree. The Arlington County policy in question contemplates that persons "who owe a total of $500 or less in criminal fines, costs and restitution, will be required to pay ten (10) percent of the total amount due per month. (For example, if you owe $368.00 in fines, costs and restitution, you will be required to pay $36.80 per month for ten (10) months.)." Arlington County, Payment Plan Policy, Payment of Criminal Fines, Costs and Restitution Payment Plans (2024).[2] "Defendants whose total criminal fines, costs and restitution exceed $500, will be required to pay five (5) percent of the total amount due per month. (For example, if you owe $2,000.00 in fines, costs and restitution, you will be required to pay $100.00 per month for twenty (20) months.)" *Id.* The policy further

---

[1] Without citing to the record, Brawner states on brief that "[h]is wife used borrowed [funds] from family and friends, and tapped into very limited savings to pay the bail bonds company's fee." Brawner Br. at 17. We could not find this information in the record. *Woodfin v. Commonwealth*, 236 Va. 89, 97-98 (1988) ("[W]e are limited to the appellate record in this case in consideration of issues presented here.").

[2] https://perma.cc/6FLL-J82K

provides that "[f]or individuals whose financial circumstances allow them to pay, however do not permit payment in the amounts set forth above, [they] may petition the Circuit Court, either at the time of sentencing, or any time thereafter to lower the monthly payment amount or to perform community service in lieu of court costs and fines." *Id.* The policy (which is just that, a policy, not a law or a factual finding) is apparently liberally construed, because the circuit court remarked to counsel, "you know that community service is pretty much always provided." The circuit court also plainly stated that it did not "find good cause for him not to have done anything on his court costs."[3]

Second, turning to the circuit court's comments, although the circuit court engaged in a colloquy with counsel concerning community service, the record reflects that the circuit court found Brawner in violation of the terms of his probation based on his failure to pay anything towards his court costs. At the end of the back-and-forth discussion with defense counsel, the circuit court stated, "the fact that he ignored his court costs obligation is the reason why he finds himself in this circumstance[]." While the circuit court indeed discussed community service as an alternative to payment of court costs, the circuit court was merely implying that, had Brawner truly been unable to pay his costs, he could have sought relief, and he would have been given, as a matter of course, the option of doing community service. Moreover, given the presumption of correctness that applies to all judgments, we do not "fix upon isolated statements of the trial judge taken out of the full context in which they were made" and thereafter use these statements "as a predicate for holding the law has been misapplied." *Coward v. Wellmont Health Sys.*, 295 Va. 351, 363 n.11 (2018) (quoting *Yarborough v. Commonwealth*, 217 Va. 971, 978 (1977)); *see also Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 217 (2023). At the conclusion of the exchange with counsel, the circuit court ultimately held that Brawner had willfully violated his obligation to pay at least a portion of his court costs.

"The statutory grant of power to the trial court to order payment of fines, forfeitures, penalties, restitution and costs in deferred payments or installments according to the defendant's

---

[3] Brawner points out that the circuit court found him indigent when it appointed the public defender to represent him in December 2021. In the meantime, of course, Brawner found employment and started a candle-making business. The hearing regarding Brawner's failure to pay occurred nearly one year after the circuit court appointed the public defender. Again, the burden of proving an inability to pay court costs rested with Brawner. *Smallwood*, 300 Va. at 433.

ability to pay implies that the trial judge will act with sound judicial discretion." *Ohree*, 26 Va. App. at 311. Court costs can be a crushing burden for persons of modest means. The exercise of discretion may point in the direction of informing a probationer about the option of community service, a postponement of the payment of such costs, or remitting them altogether. In other situations, the exercise of discretion may prompt the court to require a defendant to pay some or all of these costs—costs that were, after all, occasioned by a defendant's decision to engage in criminal behavior. We cannot say that the circuit court abused its discretion in this instance.

For the foregoing reasons, we reverse the judgment of the Court of Appeals and enter final judgment for the Commonwealth.

This order shall be published in the Virginia Reports and certified to the Court of Appeals and the Circuit Court of Arlington County.

A Copy,

Teste:

Clerk