COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Willis and Senior Judge Hodges
Argued at Norfolk, Virginia


SEAN DION KEELING
                                          OPINION BY
v.        Record No. 2118-96-1    JUDGE JERE M. H. WILLIS, JR.
                                          JULY 29, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Kenneth N. Whitehurst, Jr., Judge

           Richard C. Clark (Office of the Public
           Defender, on brief), for appellant.

           Kimberley A. Whittle, Assistant Attorney
           General (James S. Gilmore, III, Attorney
           General, on brief), for appellee.



     Sean Dion Keeling contends that the trial court erred in

revoking his suspended sentence.  We find no error and affirm.

     On May 6, 1992, the trial court accepted Keeling's guilty

plea to charges of malicious wounding and use of a firearm in the

commission of a felony.  It sentenced him to serve eight years

and four months, with three years suspended.  The conditions for

suspension included:

           [4] That the defendant make restitution . . .
           in an amount not to exceed $10,000.  Said
           restitution shall be paid on a schedule set
           by his probation officer.  Exact amount of
           restitution shall be determined on 6-15-92.


     Keeling was released from incarceration on December 23,

1993, under concurrent probation and parole supervision.

Although the precise amount of restitution had not been

determined on June 15, 1992, Keeling signed an agreement with his

probation and parole officer on January 4, 1993, requiring him to pay $100 per month in restitution.[1]

On November 21, 1995, Keeling's probation officer notified the Commonwealth's Attorney that Keeling had failed to make the restitution payments. The trial court entered an order to show cause against Keeling.

At the show cause hearing on August 6, 1996, testimony revealed that Keeling had paid only $865 on his restitution obligation. Despite repeated reminders from his supervising probation officer, Keeling paid only $50 in 1995. Medical bills for the victim exceeded $38,000, and further surgery relating to the 1991 malicious wounding was anticipated.

The trial court revoked the suspension of Keeling's sentence. It then re-suspended execution of the sentence, conditioned, in part, on his payment of the restitution, which the trial court fixed at $10,000.

"'A court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.'" Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990) (quoting Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964)). See Code §§ 19.2-305.1(D), 19.2-306. Whether to revoke the suspension of a sentence lies within the

_____

[1]In a letter dated July 23, 1993, Keeling's probation officer informed the Commonwealth's attorney that the exact amount of restitution had not been determined.

sound discretion of the trial court, whose findings of fact and judgment will not be reversed absent a clear showing of an abuse of discretion. Singleton v. Commonwealth, 11 Va. App. 575, 580, 400 S.E.2d 205, 208 (1991). See Duff v. Commonwealth, 16 Va. App. 293, 429 S.E.2d 465 (1993).

Keeling argues that because no "[e]xact amount of restitution" had been fixed, the trial court lacked the authority to revoke the suspension of his sentence on the ground of his non-payment. We disagree.

Code § 19.2-303 provides, in part, that:

> [T]he court may suspend imposition of sentence or suspend the sentence in whole or part and . . . may, as a condition of a suspended sentence, require the accused to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted . . . under terms or conditions which shall be entered in writing by the court.

(Emphasis added). See Code § 19.2-305.1(C).

The trial court's order suspending Keeling's sentence and setting the terms and conditions of the suspension was in writing and was plainly stated. It required Keeling to pay restition for his victim's medical expenses in an amount not to exceed $10,000. The order required Keeling to pay incrementally an amount fixed by his probation officer. This was plainly stated and was easy to understand. Keeling did not seek clarification or advice from the court or his probation officer or claim that he did not understand his obligation. Barring modification, his obligation

- 3 -

was to pay according to the order and the schedule established by the probation officer.  He failed to do so.  The record sets forth no basis whereon Keeling could have thought that he had satisfied his total restitution obligation.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>