COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


DOROTHY MAE JOHNSON
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0760-01-4     CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         OCTOBER 15, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   Carleton Penn, Judge Designate

              Cindy Leigh Decker, Senior Assistant Public
              Defender (Joseph R. Winston, Special
              Appellant Counsel; Office of the Public
              Defender; Public Defender Commission, on
              brief), for appellant.

              Kathleen B. Martin, Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Dorothy Mae Johnson (appellant) contends that the trial

court erred in revoking her suspended sentence for failure to

pay restitution.  Finding no error, we affirm.

                        I.  Background

     The essential facts are undisputed.  On May 3, 2000, the

trial court accepted appellant's guilty plea to a charge of

embezzlement in violation of Code § 18.2-111 and sentenced

appellant to five years in prison with four years suspended,

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

placed her in the Home-Electronic Incarceration Program (HEIP), and ordered restitution in the amount of $12,530.86. The May 26, 2000 sentencing order required "that all income earned by the defendant shall be paid toward restitution until the total amount of restitution has been paid."[1] Appellant failed to make any restitution payments. As a consequence, on December 4, 2000, the trial court issued a rule to show cause why appellant's suspended sentence should not be revoked. The return date on the Rule was rescheduled from January 11 to February 9, 2001 and ultimately to March 9, 2001. During the three-month interval between service of the Rule and the hearing, appellant again made no restitution payments.

At the revocation hearing on March 9, 2001, appellant admitted that she had not made any restitution payments and, once again, did not offer to pay any monies. She contended that she had not made any payment to the victims because she "thought probation was going to get ahold [sic] of them." She stated she thought "it was going to be handled after I went off of home monitoring" and that the probation office never contacted her regarding a payment arrangement. Appellant claimed to have called the probation office and spoken with an employee who told her not to call the office again until she was released from home monitoring. As a result, appellant argues that as a matter of law, her failure to make any payments was not willful.

---

[1] This order was not appealed.

-

Noting that "[t]his isn't the first offense for this lady, and she's not done what she was supposed to do," the trial court revoked appellant's suspended sentence.

## II.  Analysis

"In any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A). "'The court's findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)).

Appellant first argues that the sentencing order failed to state the method of payment and where the monies were to be paid and, as a result of these deficiencies, she was not required to make restitution payments until she was released from HEIP. Appellant failed to make these arguments at the revocation hearing.  Thus, she may not raise them for the first time on appeal.  See Rule 5A:18.  The ends of justice do not compel a different result.

Next, appellant argues that her failure to pay was not willful because she misunderstood the court's directive.  She was "upset" and did not understand the trial court's order at

-

her original sentencing.  Additionally, she contends that she contacted the probation office and was told that she was not under their supervision until her release from HEIP.  Therefore, appellant contends that her failure to pay was not willful; but resulted from a misapprehension as to how and when she was to make the payments.

"Although the power of the court to revoke a suspended sentence granted by this Code section is broad, it is not without limitation."  Duff v. Commonwealth, 16 Va. App. 293, 297, 429 S.E.2d 465, 467 (1993).  "The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause."  Hamilton v. Commonwealth, 217 Va. 325, 327, 228 S.E.2d 555, 556 (1976) (internal citations and quotations omitted).  "[O]nly [an] 'unreasonable' failure to pay restitution shall result in revocation of a suspended sentence."  Duff, 16 Va. App. at 298, 429 S.E.2d at 467.

"The trial court's order suspending [appellant's] sentence and setting the terms and conditions of the suspension was in writing and was plainly stated."  Keeling v. Commonwealth, 25 Va. App. 312, 315, 487 S.E.2d 881, 883 (1997).  The plain language of the sentencing order required that "all income earned . . . be paid toward restitution until the total amount of restitution has been paid."

The trial court did not abuse its discretion in finding appellant's failure to pay willful.  Assuming appellant

-

attempted to contact the probation office, that action alone does not relieve her from her obligation to make restitution. In finding appellant willfully failed to make her restitution payments, the trial court considered that (1) she was in court at the time of sentencing and "presumed to have heard" her obligation to pay; (2) she had an extensive criminal history that included an earlier restitution order for $11,997 that was unpaid and required her wages to be garnished; and (3) at the time of the revocation hearing, appellant had not made "even a token payment." Credible evidence supports the trial judge's finding that appellant's failure to pay was willful.

Lastly, appellant argues that she had no ability to pay her restitution because of her HEIP costs and other responsibilities.

> [T]he ability to pay is a necessary consideration in the trial court's determination of cause for the failure to pay restitution ordered as a condition of a suspended sentence. Where the evidence establishes that the failure resulted solely from an inability to pay and not a willful refusal, it is an abuse of discretion to automatically revoke the prior suspended sentence without considering reasonable alternatives to imprisonment.

Duff, 16 Va. App. at 298-99, 429 S.E.2d at 468. Appellant's reliance on Duff is misplaced. In Duff, "[t]he parties agree[d] that the failure to pay the restitution resulted from an inability to pay it rather than from an unwillingness or refusal to do so." Id. at 296, 429 S.E.2d at 467.

-

In the instant case, while the amount of money available for payments was not great, appellant was not unable to pay any money toward restitution. At the sentencing hearing, appellant admitted that she had a job and that her husband stated his intent to continue to support her, thereby enabling her earnings to be applied to the restitution amount. Thus, the sentencing order directed that all of her earnings go toward restitution. Appellant stated that she earned $450 to $480 every two weeks and that the cost of HEIP was $420 per month. Appellant noted that she used the money she earned to pay for car insurance, gasoline, medical prescriptions, and a second restitution in Stafford County. Appellant made these payments in violation of the sentencing order to pay "all income" toward restitution.

Finally, we note that appellant could have petitioned the court to amend the order to account for these costs. Again, she did not. "Barring modification, [appellant's] obligation was to pay [restitution] according to the [sentencing] order." Keeling, 25 Va. App. at 316, 487 S.E.2d at 883. Appellant received the benefit of a four-year suspended sentence and participation in HEIP on the understanding that she would pay restitution as required by the sentencing order. Given appellant's failure to make a single payment in the eight months from the entry of the sentencing order, the issuance of the show cause and the revocation hearing, we cannot say that the trial court abused its discretion in revoking her suspended sentence.

-

Finding no error in the trial court's action, we affirm.

Affirmed.


A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Benton, J., dissenting.

The final conviction order, which sentenced Dorothy Mae Johnson to five years in prison, contains the following provision pertinent to this appeal:

> [T]he Court deeming it compatible with the public interest so to do, adjudges and orders that the execution of all but twelve (12) months of the said sentence heretofore imposed be and the same is hereby suspended, and the defendant is placed on probation, under the supervision of the Probation and Parole Officer of this Court for a period of five (5) years after her release from incarceration, to comply with all of the terms and conditions of probation as set forth in the order of this Court entered on June 22, 1995, in Miscellaneous Order Book 5, page 1769. The defendant shall pay restitution in the amount of 12,530.86. The Court ORDERS that all income earned by the defendant shall be paid toward restitution until the total amount of restitution has been paid.
>
> It is further ORDERED that pursuant to Section 53.1-131.2(C) of the Code of Virginia, as amended, that the defendant be assigned to a Home-Electronic Incarceration Program to be administered by the Fauquier County Detention Center to serve her twelve-month jail sentence.

The order does not direct Johnson to pay the money to any particular place or person.

Johnson testified that when she entered the home incarceration program "probation never got in touch with [her] about a payment arrangement." When she contacted the probation office to ask for a restitution plan, she was told, "don't contact [the probation] office again until [she] was off of home

-

monitoring."  Johnson testified that she "thought [restitution] was going to be handled after [she] went off of home monitoring."

"[T]he requirement of Code § 19.2-305.1(D) that only 'unreasonable' failure to pay restitution shall result in revocation of a suspended sentence restricts the scope of the court's authority under Code § 19.2-306 to revoke a suspension for 'any cause' deemed by it sufficient."  Duff v. Commonwealth, 16 Va. App. 293, 298, 429 S.E.2d 465, 467 (1993).  Johnson asserted at trial that she "believ[ed] that the payment arrangements would be made with the probation office . . . and was told that she would not be put on probation until she was done with the home electronic incarceration."

The record does not establish that Johnson's belief that the payments were to begin when she was released from home incarceration was unreasonable.  Indeed, the sentencing order places the restitution provision in the paragraph designating "conditions of probation" and referencing "release from incarceration."  Moreover, the sentencing order did not specify when the payments were to commence or to whom they were to be delivered.  No evidence established that Johnson had ever been told when to commence payments or where to make them.  In view of the sentencing order, it is reasonable to believe those matters would be coordinated by the probation office.  Johnson's

-

contact with the probation office, rather than dispelling her belief, tended to reinforce it.

The trial judge revoked the suspension solely because Johnson has "violated the terms of her probation."  Johnson was told, however, by the probation office, which was assigned to supervise her probation, that she should not contact them until her incarceration ended.  "A reasonable failure to pay restitution negates a reasonable cause to revoke a suspended sentence."  Duff, 16 Va. App. at 298, 429 S.E.2d at 467. Johnson's reasonable misapprehension negates the trial judge's reasons for revoking the suspension.  The record establishes that Johnson's misapprehension was not entirely of her own making and was not willful.

For these reasons, I would hold that Johnson's failure to commence her payments was not based on an unreasonable belief, and I would reverse the order revoking the suspended sentence.