COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Humphreys, AtLee and Raphael


TAJ SHAQUILLE JOHNSON

MEMORANDUM OPINION*

v.      Record No. 0355-22-1
PER CURIAM
FEBRUARY 14, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
John W. Brown, Judge

(Michelle C.F. Derrico, Senior Appellate Attorney; Virginia Indigent
Defense Commission, on briefs), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.


Taj Shaquille Johnson appeals from the judgment of the Circuit Court of the City of

Chesapeake revoking his previously suspended sentence and resuspending all but one year.

Johnson argues that the court failed to give appropriate weight to mitigating evidence when it

invoked an active period of incarceration that exceeded the sentencing guidelines. After

examining the briefs and record, the panel unanimously holds that oral argument is unnecessary

because "the dispositive issue" in this appeal has "been authoritatively decided, and the appellant

has not argued that the case law should be overturned, extended, modified, or reversed." Code

§ 17.1-403(ii)(b); Rule 5A:27(b). We affirm the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v.*

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we "discard the evidence of the [appellant] in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Gerald*, 295 Va. at 473 (quoting *Kelley v. Commonwealth*, 289 Va. 463, 467-68 (2015)).

In 2016, Johnson pleaded guilty to one count of grand larceny. The trial court sentenced Johnson to five years in prison, with four years and two months suspended, and placed him on an indeterminate period of supervised probation. In September 2020, Johnson's probation officer prepared a major violation report detailing Johnson's two new misdemeanor convictions in the Norfolk General District Court for driving on a suspended license (fifth offense) and speeding. The major violation report also noted that Johnson tested positive for THC three times and that he had pending misdemeanor charges in Chesapeake and Portsmouth for traffic offenses and a failure to appear.

An addendum to the major violation report, dated May 14, 2021, reported that Johnson was arrested in the City of Norfolk and charged with felony possession of marijuana with intent to distribute. An addendum dated September 1, 2021, said that Johnson was found guilty of misdemeanor possession of marijuana with intent to distribute and sentenced to twelve months in jail, with all of that time suspended. An addendum dated November 15, 2021, informed the court that Johnson was charged with reckless driving in Henrico County and later convicted of that charge. The sentencing guidelines recommended a range of punishment of "time served to six months."

Johnson pleaded guilty to the probation violation and offered mitigating evidence at the sentencing hearing on December 9, 2021. He presented a letter from his probation officer, Tierra Nicholson, which stated that she started supervising Johnson in July 2021 and that Johnson had

"maintained contact with her, reported to appointments as scheduled and tested negative for illicit substances." Johnson also submitted evidence that he had obtained his driver's license and completed an alcohol-safety action program. Johnson then tendered proof of his employment with ITT services and proof that he completed a AAA driver's improvement course, a reckless-driving-education program, and an anger-management class. Johnson's mother, Lashawn Johnson-Bethea, testified that Johnson has three children he sees regularly.

The Commonwealth asked the trial court to impose "a sanction consistent with the guidelines at least." Johnson asked the trial court to resuspend the balance of his time in its entirety and release him from supervised probation. The trial court considered Johnson's prior criminal record and the "slew of traffic charges" he accumulated while on probation. It explained that in fashioning the sentence, it also considered "the whole history of the defendant" and recognized "what he [has] done positively, which are reflected in the exhibits" admitted by the court. But the trial court found that Johnson's new misdemeanor convictions for traffic offenses and possession with intent to distribute marijuana warranted a departure from the guidelines. It revoked Johnson's original suspended sentence of four years and two months and resuspended three years and two months on the same terms and conditions.

ANALYSIS

On appeal, Johnson argues that the trial court abused its discretion by ignoring his mitigating evidence and giving unreasonable weight to his criminal history. We disagree.

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court, whose findings of fact and judgment will not be reversed absent a clear showing of an abuse of discretion." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would

have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

"[I]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A).[1] "It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.'" *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990) (alteration in original) (quoting *Griffin v. Cunningham*, 205 Va. 349, 354 (1964)). In

---

[1] Under the revocation statute in effect when this proceeding began, once the trial court found that Johnson had violated the terms of the suspension, it had to revoke the suspended sentence, at which point "the original sentence shall be in full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020). Although Code § 19.2-306(C) was amended effective July 1, 2021, Johnson does not argue that the amended statute applied in his case, and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 84 n.4 (2022). And even under the new statutory framework, the trial court has discretion to impose the balance of a previously suspended sentence when a probationer commits a new offense during the suspension period. *See* 2021 Va. Acts Sp. Sess. I ch. 538; Code § 19.2-306.1(B).

such case, "the trial court has the power to revoke the suspension of the sentence in whole or in part . . . for 'any cause deemed by it sufficient.'" *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). We will not reverse a trial court's sentencing decision without any abuse of its "judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'" *Id.* (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

Here, the record fails to show that the trial court abused its discretion in revoking Johnson's previously suspended sentence and resuspending all but one year. The evidence established that, while on probation, Johnson incurred new misdemeanor convictions for driving on a suspended license, speeding, possession with intent to distribute marijuana, and reckless driving. He committed the reckless-driving offense while out on bond pending his probation violation. The major violation report also said that Johnson tested positive for marijuana three times and that he had made no payments toward fines and costs. Additionally, as the trial court found, Johnson failed to report to probation for six months before his arrest on the probation-violation capias, and Johnson had five prior felonies and eleven prior misdemeanor offenses on his record.

Contrary to Johnson's assertion, the trial court did not ignore his mitigating evidence. The trial court listened to arguments from both sides of the controversy and stated that it recognized Johnson's "positive efforts." But the trial court considered other factors as well, including Johnson's prior criminal history and his failure to comply with the terms of probation. The court concluded that a sentence within the suggested guidelines was inappropriate. While the trial court had "a duty to consider mitigating evidence along with other evidence in determining the appropriate sentence," it was "not required to give controlling effect to the mitigating evidence." *Reid v. Commonwealth*, 256 Va. 561, 569 (1998) (quoting *Correll v.*

*Commonwealth*, 232 Va. 454, 468-69 (1987)).  By revoking Johnson's suspended sentence and resuspending all but one year, the trial court "did nothing more than confirm that the conditions of probation were *in fact* conditions of probation."  *Price v. Commonwealth*, 51 Va. App. 443, 449 (2008).

## CONCLUSION

The trial court did not abuse its discretion in fashioning a sentence that exceeded the range recommended by the sentencing guidelines.  We therefore affirm the trial court's judgment.

*Affirmed.*