UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Friedman, Callins and White

MATTHEW TYLER PARKER

v.      Record No. 0741-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
MARCH 28, 2023

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Clark A. Ritchie, Judge

(R. Shannon Kite; Cook Attorneys, P.C., on brief), for appellant.

(Jason S. Miyares, Attorney General; John Beamer, Assistant
Attorney General, on brief), for appellee.

Matthew Tyler Parker appeals from the judgment of the Circuit Court of Rockingham

County revoking his previously suspended sentences and imposing an active term of incarceration

of six years.  Parker contends that the court failed to give appropriate weight to the proper factors in

imposing an active period of incarceration that exceeded the sentencing guidelines.  After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit."  Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[1]

Parker was convicted on two counts of credit card fraud and one count of obtaining money

by false pretenses pursuant to a guilty plea entered in the trial court on June 14, 2017.  In accordance

with the terms of the plea agreement, the trial court sentenced Parker to three years in prison on

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413.

[1] "On appeal of the revocation of a suspended sentence, the appellate court reviews the
evidence in the light most favorable to the Commonwealth, the party who prevailed below."
*Jenkins v. Commonwealth*, 71 Va. App. 334, 339 n.2 (2019).

each charge, with all three years on each charge suspended, and Parker was placed on probation for two years. As one of the conditions of his probation, Parker agreed to pay restitution in the amount of $2,846.87.

Parker's probation officer filed a major violation report (MVR) in the trial court in March 2019. The MVR reported that Parker's adjustment to supervised probation had been positive in that he had "reported as directed, maintained stable employment, housing, and remained free from illicit substance[s]." Due to his positive efforts, Parker had been placed on the "ShadowTrack system" in November 2017 and he had "been making his check-in calls as directed with no violations . . . noted." However, Parker had "an outstanding balance of $2,322.09 in restitution and $2,774.55 in court costs." The probation officer therefore "respectfully requested that the Court consider placing the defendant on indefinite supervised probation until his Court costs are paid in full."

On April 10, 2019, the trial court entered an order extending Parker's probation "indefinitely until all restitution and court costs are paid in full" and scheduled monthly payments in the amount of $100. The order further "scheduled a restitution review date of January 7, 2020, at 9:00 a.m., and [Parker] was ordered to be present at that time." On January 7, 2020, the trial court entered an order indicating that Parker was "in compliance and shall continue to make monthly payments." No further dates were scheduled at that time, and Parker "was remanded to his supervised probation."

In October 2020, Parker's probation officer prepared a second MVR, which reported that, subsequent to the April 10, 2019 order, Parker was arrested for engaging in consensual sex with a child over the age of fifteen, object sexual penetration, and rape. The charges were scheduled for a preliminary hearing in the Shenandoah Juvenile and Domestic Relations District Court on January 21, 2021.

In December 2020, Parker's probation officer prepared a major violation addendum, which reported that Parker was again arrested in Shenandoah County on December 28, 2020, and charged with taking indecent liberties with a minor.

On March 2, 2022, Parker pled guilty in the Circuit Court of Shenandoah County to consensual sex with a child fifteen years or older and an amended charge of contributing to the delinquency of a minor, both misdemeanors. He was sentenced to twelve months in jail for both offenses, with all twelve months on each charge suspended. The Commonwealth *nolle prossed* the object sexual penetration charge and it amended the rape charge to felony child abuse, for which the circuit court entered a deferred disposition under Code § 19.2-298.02. Parker was placed on supervised probation. The Shenandoah County Circuit Court entered its final sentencing order on March 30, 2022.

On April 21, 2022, the trial court held a hearing on the probation violation. At the hearing, the trial court admitted the MVRs and the addendum into evidence, along with the sentencing order from the Shenandoah County Circuit Court reflecting Parker's new convictions. The trial court also received sentencing guidelines that recommended an active period of incarceration of "[t]ime served to six months." Parker testified that he had since paid his restitution and court costs in full. Parker explained that the new convictions in Shenandoah County resulted from a work relationship he had with a seventeen-year-old co-worker at a McDonald's where he had been working as a manager. Parker reiterated that during the entirety of his probation, he had no positive drug tests, he had reported as instructed, he remained gainfully employed, and he followed the instructions of his probation officer. Parker explained that he was trying to live a better life and asked the trial court to have mercy upon him.

The Commonwealth argued that the guidelines were "just not appropriate" in light of the new convictions, since they did not take into account "the age or damage to the victim that may

have occurred as a result" of Parker's actions. The Commonwealth asked the trial court "to deviate above the guidelines and sentence [Parker] to an active period of incarceration well above the six months." Parker responded that he was initially violated for failure to pay his restitution, which was now paid in full, and that the new convictions were only misdemeanors and a deferment on the felony. Parker argued that he would be on probation in Shenandoah County, that he had been candid with the court, and that he had "a plan moving forward," and asked the trial court to impose a sentence toward the "low end of th[e] guidelines."

The trial court found that this was an "egregious violation" and revoked Parker's previously suspended nine-year sentence. The trial court then resuspended three years, resulting in an active period of incarceration of six years. Parker filed a motion to rehear, which the trial court denied. Parker noted this appeal.

## STANDARD OF REVIEW

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). We will not reverse a court's decision "unless there is a clear showing of abuse" of that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

ANALYSIS

On appeal, Parker argues that the trial court abused its discretion by ignoring his mitigation evidence and giving unreasonable weight to his new convictions. We disagree.

"In any case in which the [trial] court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Under the revocation statute in effect when this revocation proceeding began, once the trial court found that Parker had violated the terms of the suspension, it was obligated to revoke the suspended sentences and they were in "full force and effect." Code § 19.2-306(C)(ii) (Cum. Supp. 2020).[2] The trial court was permitted—but not required—to resuspend all or part of the sentences. *Id.*; *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002).

"It is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions

---

[2] Although Code § 19.2-306(C) was amended effective July 1, 2021, Parker does not argue that the statutory amendment applied in his case and this Court recently held that it did not apply when, as here, the probation violations occurred and the revocation proceeding began before the effective date of the amendment. *See Green v. Commonwealth*, 75 Va. App. 69, 83-84 (2022); *Heart v. Commonwealth*, 75 Va. App. 453, 461 (2022). Moreover, the record establishes that Parker violated his probation by incurring new criminal charges and convictions in another jurisdiction. The new statutory framework, like the old, grants the trial court discretion to impose the balance of a previously suspended sentence when, during the suspension period, a probationer "has violated another condition other than (i) a technical violation or (ii) a good conduct violation that did not result in a criminal conviction." *See* 2021 Va. Acts Sp. Sess. I ch. 538; Code § 19.2 306.1(B).

of the suspension.'" *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990) (alteration in original) (quoting *Griffin v. Cunningham*, 205 Va. 349, 354 (1964)). In such case, the trial court has the power to revoke the suspension of the sentence in whole or in part for "any cause deemed by it sufficient." *Alsberry*, 39 Va. App. at 320 (quoting *Davis*, 12 Va. App. at 86). We will not reverse a trial court's sentencing decision in the absence of an abuse of its "judicial discretion, the exercise of which implies conscientious judgment, not arbitrary action." *Id.* (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

Pursuant to the trial court's June 14, 2017 sentencing order, Parker's sentences were suspended and he was placed on supervised probation. In accordance with the terms and conditions of his felony probation, Parker was required to "obey the usual and ordinary terms of probation, including but not limited to being of good behavior and obey all federal, state, and local laws." He was also required to pay restitution to his victims. At the time of the first MVR, Parker was substantially in compliance with his probation, with the exception of his restitution payments. Because his probation was nearing its expiration date, the trial court extended Parker's probation indefinitely until his restitution was paid in full. Parker then incurred new offenses related to his crimes against a minor and, at the time of the probation violation hearing, had pled guilty to two misdemeanors and had agreed that the facts were sufficient for a finding of guilt on a felony. Therefore, he violated the terms and conditions of his felony probation. For that reason, the trial court did not abuse its discretion in revoking Parker's previously suspended sentences and ordering them executed.

Acknowledging this, Parker nevertheless argues that the trial court gave insufficient weight to the mitigating factors contained within the MVRs and that it gave too much weight to the fact that he incurred new convictions. He reasons that, because the new convictions were "benign and limited in severity," the trial court abused its discretion in its "extreme upward departure of the

guidelines," which recommended an active range of punishment of time served to six months. However, as Parker himself notes, "[o]ur sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "Accordingly, a circuit court's failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Id.* (quoting Code § 19.2-298.01(F)). Moreover, it is well-established that "[i]f a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal, and any contention that punishment was excessive will be 'without merit.'" *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992) (quoting *Satterwhite v. Commonwealth*, 201 Va. 478, 483 (1960)).

Here, there is no evidence that the trial court failed to take into consideration the mitigating evidence presented by Parker. Instead, the trial court heard and had the opportunity to consider the arguments of counsel, the MVRs, the addendum, and the sentencing guidelines before noting that the violation in this case was "centered almost exclusively around this series of charges out of Shenandoah County." The trial court found that "this is an egregious violation" involving circumstances that the guidelines "do not take into account" and ultimately decided that the factors cited by Parker failed to justify overlooking Parker's new convictions.

However, while the trial court was required to consider Parker's mitigating evidence, it was not required to give it controlling effect. *Reid v. Commonwealth*, 256 Va. 561, 569-70 (1998). Additionally, "[b]arring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett*, 13 Va. App. at 584. And here, the trial did not ignore mitigating factors. Indeed, the trial court noted that Parker "b[rought] up a good point . . . that the charges are what they are, and that they are at this point misdemeanor convictions with facts sufficient on the felony," acknowledging that Parker was not ultimately convicted of rape and object sexual penetration. It was in recognition of Parker's "good

point" that the trial court decided to resuspend one of Parker's previously suspended sentences. In fashioning Parker's sentence for violating his probation, the trial court clearly considered the mitigating evidence and the aggravating factors presented. Thus, we find no abuse of discretion and will not disturb the trial court's ruling on appeal.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*