COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Fulton, Friedman and Raphael

GINA MARIE LUBERTAZZI

                                                    MEMORANDUM OPINION*
v.        Record No. 1378-22-3                              PER CURIAM
                                                          APRIL 18, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HENRY COUNTY
G. Carter Greer, Judge

(Perry H. Harrold, on briefs), for appellant.

(Jason S. Miyares, Attorney General; J. Brady Hess, Assistant
Attorney General, on brief), for appellee.


        The Henry County Circuit Court found Gina Marie Lubertazzi in violation of the terms of

her probation.  The court revoked Lubertazzi's suspended sentence of four years and three

months and resuspended two years and three months, resulting in two years of active

incarceration.  On appeal, Lubertazzi contends that the circuit court abused its discretion by

imposing a two-year sentence.  After examining the briefs and record, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit."  Code

§ 17.1-403(ii)(a); Rule 5A:27(a).  Finding no legal support for Lubertazzi's claim, we affirm.

                                        BACKGROUND

        In 2018, Lubertazzi pleaded guilty to one count of distributing cocaine in violation of

Code § 18.2-248(C).  The circuit court sentenced Lubertazzi to five years in prison, suspended

---

        * This opinion is not designated for publication.  *See* Code § 17.1-413.

four years and six months, and ordered supervised probation for two years following her release from incarceration.

Lubertazzi was released in February 2019. In August 2019, the circuit court conducted a revocation hearing and found that Lubertazzi had violated her probation by using fentanyl. The court revoked three months of her suspended sentence.

Shortly after her release from incarceration in October 2019, Lubertazzi tested positive for methamphetamine and admitted to using methamphetamine and alcohol. After completing a substance-abuse program in February 2020, Lubertazzi again tested positive for amphetamines. The court issued a capias in May 2020 after the probation officer filed a major violation report. Following a hearing on June 10, 2020, the court took the matter under advisement and scheduled a review hearing for December 17, 2020.

Lubertazzi tested positive for methamphetamine on October 19, 2020. She was also arrested on November 4, 2020, and charged with distributing naloxone and conspiracy to distribute and distribution of methamphetamine (second offense) in the Circuit Court for the City of Martinsville.

Lubertazzi's Martinsville trial was continued several times, and in the fall of 2021, Lubertazzi's competency was called into question when she suffered memory loss after an overdose. As a result, the circuit court in Henry County continued the revocation proceeding multiple times—in February, July, and November 2021, and again in April 2022.

Lubertazzi continued to struggle with addiction when she was not in custody. She tested positive for fentanyl in February and April 2021. As of May 2021, she was receiving weekly substance-abuse treatment at Piedmont Community Services and Epic Health Partners. But she tested positive for amphetamines again on May 7, June 1, 17, and 30, and July 8, 2021.

The circuit court here ultimately conducted a revocation hearing on July 25, 2022.[1] Finding that Lubertazzi had violated her probation, the court revoked her suspended sentence. It then resuspended two years and three months, for an active sentence of two years. The court "use[d] the guidelines dated . . . December 17, 2020," which recommended between one year and six months and two years of incarceration. The court also removed Lubertazzi from supervised probation and imposed a five-year period of uniform good behavior.

Lubertazzi noted a timely appeal.

ANALYSIS

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). We will not reverse a court's revocation decision without "a clear showing" that it abused that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor v. Commonwealth*, 285 Va. 187, 213 (2013) (quoting *Landrum v. Chippenham and Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor*, 285 Va. at 212). "Only when reasonable jurists could not differ can

---

[1] Before the revocation hearing began, the Commonwealth nolle prossed the charges that were pending in Martinsville.

we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

Lubertazzi's assignment of error is very specific. She alleges that the circuit court erred in imposing a two-year sentence, "which was a significant departure from the guidelines without sufficient written explanation [for] the departure."

But because Lubertazzi failed to raise these specific assertions below, she waived her appeal under Rule 5A:18.[2] "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or . . . to attain the ends of justice." Rule 5A:18. "In order to preserve an issue for appeal, 'an objection must be timely made and the grounds stated with specificity.'" *McDuffie v. Commonwealth*, 49 Va. App. 170, 177 (2006) (quoting *Marlowe v. Commonwealth*, 2 Va. App. 619, 621 (1986)). The purpose of Rule 5A:18 is "to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." *Martin v. Commonwealth*, 13 Va. App. 524, 530 (1992) (en banc). "In addition, a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding." *Fountain v. Commonwealth*, 64 Va. App. 51, 56 (2014) (quoting *Weidman v. Babcock*, 241 Va. 40, 44 (1991)).

---

[2] The argument sections of Lubertazzi's opening and reply briefs also fail to mention the guidelines or the circuit court's purported failure to explain its alleged departure in writing. Lubertazzi merely argues that the circuit court, in imposing a two-year sentence, "punish[ed] her for being an addict." Thus, her briefs do not comply with Rule 5A:20(e) ("The opening brief of appellant must contain . . . [t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error.").

Lubertazzi asserted a different assignment of error in her reply brief. But she lacked permission to modify her assignment of error. Rule 1:8 ("No amendments may be made to any pleading after it is filed save by leave of court."). We therefore decide this case based on the assignment of error in the opening brief.

At the July 2022 revocation hearing, Lubertazzi acknowledged that the circuit court could impose the balance of her suspended four-year-and-three-month sentence, but "ask[ed] the Court to give her a chance" and not impose further incarceration. Lubertazzi also acknowledged her drug-addiction history but argued that she could be successful on probation with "some very strict conditions as to her continued probation." Lubertazzi did not object to the circuit court's use of the sentencing guidelines "dated December 17, 2020,"[3] nor did she object to her sentence as excessive. She also did not object to the court's purported failure to explain its alleged departure from the guidelines in writing. Rule 5A:18 therefore bars us from considering her assignment of error.[4]

Even if Lubertazzi had preserved her arguments, the record fails to show that the circuit court deviated from the guidelines. The sentencing revocation report suggested between one year and six months and two years of incarceration. The report did not list a reason for departing from the guidelines because the circuit court did not, in fact, deviate from the guidelines. Rather, the court imposed an active period of incarceration—two years—that was within the guidelines' recommended range. And in any event, it is well-settled that "[o]ur sentencing guidelines 'are discretionary, rather than mandatory.'" *Fazili v. Commonwealth*, 71 Va. App. 239, 248 (2019) (quoting *West v. Dir., Dep't of Corr.*, 273 Va. 56, 65 (2007)). "Accordingly, a circuit court's

---

[3] Effective July 1, 2021, Code § 19.2-306.1 restricts sentencing decisions for "technical violations," including violations for using controlled substances. Code § 19.2-306.1(A)(vii), (C). As the circuit court here noted, however, it could apply the law in existence when the violations occurred and when the proceedings began. *See Green v. Commonwealth*, 75 Va. App. 69, 83-84 (2022) ("[W]e hold that the circuit court did not err in applying the penalty in existence at the time Green violated the terms of his probation and when his revocation proceeding began."). The violations here began in 2019, a major violation report and capias were issued in May 2020, and the circuit court conducted its first hearing in June 2020—long before Code § 19.2-306.1 became effective.

[4] We will not apply the good-cause or ends-of-justice exceptions to Rule 5A:18 sua sponte. *Hogle v. Commonwealth*, 75 Va. App. 743, 756 (2022).

failure to follow the guidelines is 'not . . . reviewable on appeal.'" *Id.* (alteration in original) (quoting Code § 19.2-298.01(F)).

CONCLUSION

We find no abuse of discretion in the circuit court's sentencing decision.

*Affirmed.*