COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judges Malveaux and Causey

UNPUBLISHED

OCTAVIAN JAVON HOLCOMB

MEMORANDUM OPINION*

v.      Record No. 1328-22-2                         PER CURIAM
                                                    JUNE 20, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
Joseph M. Teefey, Jr., Judge

(Walter B. Harris, Assistant Public Defender II, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Octavian Javon Holcomb ("appellant") appeals from a judgment of the Circuit Court of the

City of Petersburg revoking his previously suspended sentences and imposing an active term of

incarceration of three years. Appellant contends that the circuit court failed to give appropriate

weight to the "mitigating evidence presented" and that it gave "too much weight to the sole reason

for the violation." After examining the briefs and record in this case, the judgment of the circuit

court is affirmed.

BACKGROUND

In 2014, the circuit court convicted appellant of statutory burglary, grand larceny, and

stealing or converting a lottery ticket or prize with a value of $200 or more and sentenced him to a

total of thirty-five years in prison, with thirty-two years suspended, conditioned upon his successful

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

completion of an indefinite period of supervised probation. In May 2017, appellant's probation officer prepared a major violation report (MVR) informing the circuit court that appellant had tested positive for cocaine, had changed his residence without permission, and had absconded from probation. Following a hearing, the circuit court found appellant guilty of violating his probation and sentenced him to "time served." Appellant was returned to probation.

Appellant's probation officer prepared a second MVR in September 2017 and reported that appellant tested positive for cocaine and marijuana, that he failed to report to the "Life after Justice Re-entry" forum as instructed, that he had changed his residence without permission, and that he again absconded from probation. Following a hearing, the circuit court found that appellant violated the terms and conditions of his probation and revoked and resuspended his sentences in their entirety, conditioned upon his successful completion of the Community Corrections Alternative Program ("CCAP").

Appellant's probation officer prepared a third MVR in December 2019, reporting that while at CCAP, appellant conspired with his girlfriend to smuggle Suboxone strips into the facility and that he had failed to obey the rules and regulations of the facility by possessing gambling tickets. Appellant was removed from the CCAP program in December 2019, and, upon motion of the Commonwealth's Attorney, the violation was dismissed. Appellant was returned to probation.

In September 2021, appellant's probation officer prepared a fourth MVR informing the circuit court that appellant had tested positive for cocaine, fentanyl, and opiates, that he had failed to follow his probation officer's instructions, and that he again absconded from probation. A May 2022 addendum to the fourth MVR reported that appellant obtained a new conviction for petit larceny in Chesterfield County and that he had pending larceny charges in both the City of Colonial Heights and Prince George County.

Following a hearing, the circuit court revoked appellant's previously suspended sentences and resuspended all except three years. Appellant was released from supervised probation and ordered to remain of uniform good behavior for ten years. This appeal followed.

## STANDARD OF REVIEW

"Whether to revoke the suspension of a sentence lies within the sound discretion of the trial court." *Keeling v. Commonwealth*, 25 Va. App. 312, 315 (1997). We will not reverse a court's decision "unless there is a clear showing of abuse" of that discretion. *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)). "[T]he abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alterations in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)).

> [A] court abuses its discretion: "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment."

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 564 (2016) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)).

## ANALYSIS

Appellant asserts that the circuit court abused its discretion by giving inappropriate weight to his new conviction for petit larceny and the factors "cited by the Commonwealth," and he complains that "[n]o weight was given to the factors cited by the defense." We disagree with appellant's assertions and now affirm the circuit court's judgment.

"[I]n any case in which the court has suspended the execution or imposition of sentence, the court may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). Indeed, "[i]t is beyond question that '[a] court which has ordered a suspension of sentence undoubtedly has the power to revoke it when the defendant has failed to comply with the conditions of the suspension.'" *Russnak v. Commonwealth*, 10 Va. App. 317, 321 (1990) (second alteration in original) (quoting *Griffin v. Cunningham*, 205 Va. 349, 354 (1964)). In such case, the trial court has the power to revoke the suspension of the sentence in whole or in part for "any cause deemed by it sufficient." *Alsberry v. Commonwealth*, 39 Va. App. 314, 320 (2002) (quoting *Davis*, 12 Va. App. at 86). We will not reverse a trial court's sentencing decision in the absence of an abuse of its "judicial discretion, the exercise of which 'implies conscientious judgment, not arbitrary action.'" *Id.* (quoting *Hamilton v. Commonwealth*, 217 Va. 325, 327 (1976)).

The four MVRs and the addendum in this case proved that appellant repeatedly violated the terms and conditions of his probation by continuing to use illegal substances such as cocaine, fentanyl, opiates, and marijuana, that he repeatedly failed to follow his probation officer's instructions, that he regularly absconded from probation, and that he often failed to enroll in or complete suggested remedial programs. Further, appellant was discharged from CCAP for violating their policies and for conspiring to smuggle Suboxone into the facility. Additionally, at the time of the final probation violation hearing in July 2022, appellant had obtained a new conviction for petit larceny and he had pending misdemeanor and felony larceny charges in two separate jurisdictions. On these facts, the Commonwealth's assertion that appellant appeared to want to "be able to do what he wants," without being "bothered" by the constraints of probation, was not unreasonable and clearly warranted its request for the imposition of "serious time."

Appellant's claim that the circuit court failed to consider mitigating evidence is not supported by the record. In fact, he did not present any mitigating evidence at the hearing. Rather, appellant merely informed the circuit court that he had applied for a program of "Real Life" as well as to the Leesburg Health Center, but then he admitted that since the five-year limit on his supervised probation had expired, the circuit court could not extend his probation to ensure successful completion of those programs. Appellant therefore asked the circuit court to impose an active period of incarceration toward the low end of his sentencing guidelines, which carried a range of punishment from one year at the low end to four years at the high end. The circuit court imposed a three-year sentence. We do not find an abuse of discretion when a sentencing judge follows the sentencing guidelines, which are by their very nature "intended to assist the court in fixing an appropriate sentence." *Jett v. Commonwealth*, 34 Va. App. 252, 256 (2001).

It is firmly established that "[i]f a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal, and any contention that punishment was excessive will be 'without merit.'" *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992) (quoting *Satterwhite v. Commonwealth*, 201 Va. 478, 483 (1960)). "The legislature did not enact statutes authorizing suspension of all or a portion of a sentence 'without regard to the subsequent behavior of the defendant.'" *Burnham v. Commonwealth*, 298 Va. 109, 115 (2019) (quoting *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960)). "There would be no point to suspending a portion of a sentence if that suspension carried no consequences." *Id.* Moreover, whereas the circuit court was required to consider appellant's mitigating evidence (had he presented any), it was not required to give it controlling effect. *Reid v. Commonwealth*, 256 Va. 561, 569 (1998). "Barring clear evidence to the contrary, this Court will not presume that a trial court purposefully ignored mitigating factors in blind pursuit of a harsh sentence." *Bassett*, 13 Va. App. at 584.

The circuit court, in fashioning appellant's sentence for violating his probation, did not improperly consider the relevant factors or give improper weight to any of the factors before it. Thus, we find no abuse of discretion and will not disturb its ruling on appeal.

## CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*